The surplus which is the subject of this suit, is, without doubt, the property of the late firm of Seagrave Steere. It is a portion of the proceeds of their mill estate, which was purchased for the use of the firm, and wholly paid for out of its funds, and greatly enhanced in value by the large expenditures of the firm upon it. This estate was always treated by Seagrave 
Steere as a part of their company property; used exclusively in their business; inventoried as a part of their common stock; insured as the property of the firm; and mortgaged to secure, and assigned to pay, the company's debts and liabilities. The fact that the legal title to the estate was originally taken in the names of the members of the firm as tenants in common, and when their assignment was released, was returned to them in that character, cannot countervail the decisive presumption arising *Page 60 
from the source of the funds out of which it was purchased, and the purpose for which it was bought, and to which it was applied, that it was intended to be held as partnership property. The copartners are regarded, in equity, in a case like the present, as trustees merely of the legal title for the uses of the firm; and as this title has been sold by the plaintiffs under a power contained in a mortgage, for the payment of a debt of the firm, the surplus of the proceeds of sale, in the hands of the plaintiffs, must be applied to those uses. Tillinghast,Receiver, v. Champlin and others, 4 R.I. Rep. 173, 205-213, and cases cited.
The decision of this question decides all the other questions raised in the case. It denies the claim of the plaintiffs to retain out of the surplus an individual debt, due to them by Josiah Seagrave, one of the copartners, and the claim of his administrator to, and of his widow to be endowed out of, any portion of the same, in derogation of the rights of the creditors of Seagrave Steere. It affirms the title of Thomas C. Greene to the surplus, as assignee in trust for the creditors of the firm, under a deed of assignment executed to him by Marquis D.F. Steere, surviving partner of the late firm of Seagrave Steere, on the fourth day of October, 1861.
Let a decree be entered, ordering the plaintiffs to pay over to said Thomas C. Greene, assignee as aforesaid, the surplus of the proceeds of sale of the mill estate in the pleadings mentioned by them received, after retaining therefrom the amount of the mortgage of Seagrave Steere, held by them, with the expenses of sale and all just allowances, and deducting therefrom the amount by them paid to Phetteplace Seagrave, under the decree of this court, in full of the sum ascertained to be due to them under their mortgage. If the parties cannot agree to these amounts, the case must be sent to a master to settle them.
As the bill is an amicable one, and filed at the request of the parties to ascertain their respective rights to said surplus, let the costs of the plaintiffs, of Phetteplace Seagrave, and of Thomas C. Greene, assignee, be paid out of the same, and let the decree provide, that as to the said Jacob C. Seagrave and Phebe H.B. Seagrave, neither party shall recover costs. *Page 61 
THE case came again before the court, at its March term at Providence, 1864, upon an agreed statement of facts, made by the parties in lieu of the report of a master, for the purpose of exhibiting to the court the several allowances claimed by the plaintiffs out of the surplus in their hands, and the objections thereto, and counter claims made by the assignee of the late firm of Seagrave Steere. From the statement of facts, it appeared, that in addition to the amount of their own mortgage, with interest, assigned to them by J.C. Howe Co., and the amount of the mortgage of Phetteplace Seagrave, paid as aforesaid, under an interlocutory decree of the court, the plaintiff bank claimed to retain out of the surplus a considerable amount, arranged in eleven items, embracing the expenses of advertising and selling the mortgaged property under the power, and making a title thereto to the purchaser, which included an item of $300, to A. Fiske and R.W. Greene, for professional advice and services, about the same. Their claim also embraced an item of $781.75, with interest on the same, amounting to $10.95, for back premiums of insurance upon the mortgaged premises, paid by them on the twenty-third day of July, 1861, under circumstances set forth in the opinion of the court, and another item of $2,812.50, forfive per cent. commission on the gross proceeds of sale of the mortgaged property, secured to them as the holders of the mortgage under which they sold, by the express terms of that instrument. The bank also claimed to retain, against the objection of the assignee of the creditors, a sum of $545, for the services of their counsel, R.W. Greene, in preparing, arguing and bringing to a decree, this bill in equity, brought by the assent of all parties thereto, for the purpose of settling all questions in issue between them, and denied that they were liable to the payment of any interest on the sum of money, or any portion of the same, received by them, and remaining in their hands, as the proceeds of sale of the mortgaged property. The facts relative to the disputed items are sufficiently stated in the opinion of the court, to render the grounds of it intelligible. *Page 62